**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GARY D. REED,<br><br>Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social Security<br>Administration,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-04-1449-W |

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff, Mr. Gary D. Reed, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of Defendant Commissioner's final decision denying Mr. Reed's application for disability insurance benefits. United States District Judge Lee West has referred this matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The Commissioner has answered and filed the administrative record (AR). Both parties have briefed their respective positions, and the matter is now at issue. For the reasons stated below, it is recommended that the Commissioner's decision be reversed and remanded.

## I. <u>The Administrative Decision</u>

The Administrative Law Judge (ALJ) issued his decision on November 12, 2003, and found Mr. Reed not disabled. AR 14-21. Following the five-step sequential evaluation process, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), the ALJ found at step one that Mr. Reed had not engaged in substantial gainful activity since his alleged disability onset date of June 6, 2001. AR 15, 19. At step two, the ALJ determined that Mr. Reed

suffers from degenerative disc disease with residuals of fusion and that this impairment is severe within the meaning of the Social Security regulations. AR 15, 20. At step three, the ALJ determined Mr. Reed's severe impairment does not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 15-16, 20.

The ALJ next determined that Mr. Reed has the residual functional capacity to perform the full range of sedentary work. AR 17, 20. Based on this residual functional capacity, the ALJ determined at step four of the sequential evaluation process that Mr. Reed could not return to his past relevant work as a mechanic, classified as medium in exertion. AR 19, 20. At step five of the sequential evaluation process, the ALJ determined that Mr. Reed could perform sedentary work as assembly worker, touch-up inspector and food and bar order clerk. AR 19, 20. The ALJ found that all of these jobs exist in significant numbers both in Oklahoma and in the national economy. AR 19, 20. Therefore, the ALJ determined Mr. Reed was not disabled. AR 15, 20, 21.

Mr. Reed appealed the ALJ's decision to the Appeals Council, and the Appeals Council denied his request for review, AR 4-6, making the ALJ's decision the final decision of the Commissioner.

## II. <u>Issue Presented for Judicial Review</u>

Mr. Reed presents a single issue for judicial review. He claims the ALJ erred by failing to properly assess his credibility with regard to his subjective complaints of pain.

**III. Standard of Review**

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole, and whether the correct legal standards were applied. *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal* 331 F.3d at 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court considers whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but does not reweigh the evidence or substitute its own judgment for the Commissioner's. *Hackett*, 395 F.3d at 1172 (quotations and citations omitted).

**IV. Analysis**

Mr. Reed has a history of on-the-job back injuries.[1] In 1998, he incurred three such injuries and was found to have a 6% disability for purposes of worker's compensation benefits. AR 49-50, 76, 78-80, 174-175, 185-188, 203-208. He again injured his back in

[1]The record demonstrates other on-the-job injuries sustained by Mr. Reed not pertinent to the issue presented here. *See, e.g.*, AR 78.

October 2000. AR 76, 105, 196. There were periods during which Mr. Reed was off work as a result of these injuries, but he continued to work until he suffered another on-the-job back injury on June 7, 2001. AR 76. He has not returned to work since the date of this injury. AR 15.

In November 2001, an MRI revealed disc protrusion at L5-S1 and mild diffuse hypointensity of bone marrow. AR 89. On March 7, 2002, Mr. Reed underwent surgery for a posterior lumbar interbody fusion, bone graft harvest, transverse lateral fusion and transpedicular screw fixation at L5-S1. AR 16, 91-92, 99-107, 214.

In September 2002, a Residual Functional Capacity Assessment was performed and it was concluded that Mr. Reed could occasionally lift 20 pounds, frequently lift 10 pounds, stand about 6 hours in an 8-hour workday and sit about 6 hours in an 8-hour workday. AR 129-136.

In October 2002, Dr. Horton, Mr. Reed's treating physician, wrote a letter on behalf of Mr. Reed recommending that he be excused from jury duty due to "pain and difficulty with prolonged sitting, etc. . . . ." AR 139. That same month, Dr. Horton advised Mr. Reed that he could discontinue physical therapy because it was aggravating his low back pain. AR 144.

In March 2003, one year after the surgery, Dr. Horton, reported that Mr. Reed suffers some intermittent and persistent low back pain, occasional numbness in the left leg and mild left S1 hypesthesia. Dr. Horton also reported that Mr. Reed continues to have slight

spondylolisthesis at L5/S1. Dr. Horton discussed with Mr. Reed further treatment options. AR 214.

In June 2003, Dr. Horton opined that Mr. Reed had reached “maximum medical improvement” and concurred with the opinion set forth in a June 4, 2003 Functional Assessment (AR 209-211) that Mr. Reed was capable of performing work requiring 20 pounds of occasional lifting, 10 pounds of frequent lifting and negligible constant lifting. AR 213. *See also* AR 212, Release to Return to Work.

Medical records of Dr. Davidson, another treating physician, show that in August 2003 Mr. Reed was continuing to suffer from acute, severe back pain. His pain medications included Lortab and Vioxx. He was also prescribed Trazodone for depression. AR 218-221.

The record demonstrates objective medical evidence of a pain-producing impairment and a loose nexus between the impairment and Mr. Reed’s pain. Accordingly, the ALJ was required to evaluate Mr. Reed's subjective pain testimony and the other pertinent evidence before him. *See Luna v. Bowen*, 834 F.2d 161, 164-65 (10th Cir. 1987) (once a claimant has shown the existence of a pain-producing impairment and a loose nexus between such impairment and his subjective allegations of pain, the ALJ may not simply rely on objective medical data to determine whether the claimant suffers from disabling pain). *See also Huston v. Bowen*, 838 F.2d 1125, 1131 (10th Cir. 1988) (“[T]he claimant is entitled to have his nonmedical objective and subjective testimony of pain evaluated by the ALJ and weighed alongside the medical evidence.”).

At the hearing before the ALJ, Mr. Reed testified that he can stand 30-40 minutes before needing to sit down or move around. AR 234. He further testified that he can sit for one hour before needing to get up. AR 234-235. Mr. Reed further testified that he has numbness and tingling in his left leg and left hand. AR 233. Mr. Reed testified that during his functional test he "had to take a break because of my back, it was killing me." AR 236.

Mr. Reed testified that he spends his days mostly in bed. AR 238. He reads books. He does not do any household chores. AR 239.

The ALJ rejected Mr. Reed's testimony regarding his limitations, finding they were not supported by the objective medical evidence. Referencing the guidance of 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p, the ALJ stated his credibility findings as follows:

> As to claimant's allegations of totally disabling pain, his testimony was evaluated and compared with prior statements and other evidence. It is the conclusion of the Administrative Law Judge that pain experienced by the claimant is limiting but, when compared with the total evidence, not severe enough to preclude all types of work . . . .
>
> The Administrative Law Judge did not discount all of the claimant's complaints. However, the claimant's treating physician did not place any functional restrictions on his activities that would preclude sedentary work activity with the previously-mentioned restrictions. The claimant has restricted his daily activities, but these restrictions appear to be self-imposed.

AR 18. *See also* AR 20 ("The claimant's descriptions of his limitations are not generally credible or consistent with the record in its entirety.").

In releasing Mr. Reed to work, Dr. Horton did not address limitations other than lifting restrictions. AR 213. He did not, for example, address Mr. Reed's inability to sit for extended periods of time.[2] Yet, his records demonstrate that Mr. Reed's pain prevented him from doing so. In fact, as referenced above, Dr. Horton wrote a letter in support of Mr. Reed's request to be excused from jury duty due to "pain and difficulty with prolonged sitting, etc. . . . ." AR 139. Plaintiff's testimony indicates this pain has persisted. Moreover, the Functional Assessment upon which Dr. Horton relied in completing Mr. Reed's Release to Return to Work appears to indicate that Mr. Reed can sit occasionally, which the Assessment form defines as 0-33%. AR 209-210.[3] In discussing the Assessment the ALJ stated:

> [A] functional assessment was performed that indicated the claimant could perform a work level that met all jobs up to and including the light category. He was unable to assume the positions of crouching or stooping and could occasionally kneel and overhead reach.

---

[2]As set forth, the ALJ determined Mr. Reed had the residual functional capacity for the full range of sedentary work. AR 17-18, 20. "In order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals." SSR 96-9p, 1996 WL 374185 at *6. If Mr. Reed's testimony were accepted, his inability to sit for more than one hour at a time would preclude him from performing the full range of sedentary work.

[3]The Functional Assessment notes that Mr. Reed "demonstrated 6 out of 9 performance-limiting behaviors, which were enough to classify Mr. Reed's overall test as unreliable." AR 209. The ALJ relied on aspects of the Assessment, however and, therefore, to the extent he may have found the sitting restrictions unreliable, he should have discussed the evidence and stated his reasons for rejecting it. The ALJ is required to "evaluate every medical opinion" he receives, 20 C.F.R. §§ 404.1527(d), and to "consider all relevant medical evidence of record in reaching a conclusion as to disability." *Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir.1989).

AR 17 *citing* Exhibit 15F (AR 209-211). Because the ALJ concluded Mr. Reed could perform sedentary work, it is notable that he failed to discuss the significance of the sitting restrictions indicated on the Functional Assessment. The ALJ improperly cited favorable evidence from this Assessment while failing to discuss the additional evidence that does not support his findings. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir.2001) (The ALJ "may not ignore evidence that does not support his decision, especially when that evidence is significantly probative."); *see also Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.").

Moreover, although the ALJ concluded that Mr. Reed's allegations of pain and functional limitations are not supported by objective medical evidence, that basis alone is insufficient for finding claimant's subjective complaints of pain not credible. *See Hardman v. Barnhart*, 362 F.3d 676, 681, *citing* 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms . . . solely because the available objective medical evidence does not substantiate your statements."); *Luna*, 834 F.2d at 165 ("If objective medical evidence must establish that severe pain exists, subjective testimony serves no purpose at all.").

In addition, the ALJ's assessment of Mr. Reed's credibility is erroneous because the ALJ failed to closely and affirmatively link his credibility conclusions to the objective

evidence[4] and failed to discuss significantly probative evidence supporting Mr. Reed's allegations upon which he chose not to rely. *See Hardman*, 362 F.3d at 681. For example, the ALJ failed to address Mr. Reed's medical history of back injuries prior to the alleged onset date, failed to discuss his continuing treatment for pain, his need to discontinue physical therapy due to pain, or the pain medications he was prescribed. All of this evidence is critical to the proper pain analysis. *See Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993) (addressing factors for consideration including: (1) the levels of medication and their effectiveness; (2) the extensiveness of the attempts to obtain relief; (3) the frequency of medical contacts; (4) subjective measures of credibility that are peculiarly within the judgment of the ALJ; (5) the relationship between the claimant and other witnesses; and (6) the consistency or compatibility of nonmedical testimony with objective medical evidence).

Because the ALJ made conclusory findings in determining Mr. Reed's complaints of pain are not credible, this Court is unable to determine the specific evidence that led the ALJ to reject Mr. Reed's testimony. It is for this very reason that the Tenth Circuit Court of Appeals has condemned the practice of conclusory credibility findings. *See Hayden v. Barnhart*, 374 F.3d 986, 992 (10th Cir. 2004) ("[A] credibility determination 'must contain specific reasons for the finding on credibility, supported by the evidence in the case record' and be 'sufficiently specific' to inform subsequent reviewers of both the weight the ALJ gave

---

[4]Although the ALJ summarized Mr. Reed's testimony, when making his credibility determination he did not affirmatively link his findings to the evidence of record. He merely stated the restrictions in Mr. Reed's daily activities "appear to be self-imposed." AR 18.

to a claimant's statements and the reasons for that weight.") (*quoting* SSR 96-7p); *see also Hardman* 362 F.3d at 679 (conclusions in the guise of findings fail to inform the court "in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible").

The ALJ's credibility determination is not supported by substantial evidence and further the ALJ committed legal error in arriving at his credibility determination. *See Hayden*, 374 F.3d at 994. The ALJ based his determination on objective evidence he construed as showing that Mr. Reed could perform light work. However, he failed to address other objective medical evidence suggesting Mr. Reed could not perform the exertional requirements of sedentary work. In addition, the ALJ's failure to adequately discuss his reasons for rejecting Mr. Reed's testimony regarding his pain and functional limitations necessitates reversal and remand. On remand, the ALJ should evaluate Mr. Reed's allegations of pain and limitations in accordance with the proper legal standards. If the ALJ rejects Mr. Reed's subjective complaints of pain, he should give specific reasons for doing so, closely and affirmatively link his credibility conclusions to objective evidence, and discuss any significantly probative evidence supporting Mr. Reed's allegation upon which he chose not to rely.

**RECOMMENDATION**

It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by October __24th__, 2005. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __4th__ day of October, 2005.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE